Filed 7/8/22 P. v. Harrison CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095279 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF00122) |
| v. | |
| CHRISTOPHER JAMES HARRISON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher James Harrison has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error in defendant's favor, we affirm.

BACKGROUND

An October 2019 search of defendant's residence pursuant to a warrant yielded substantial quantities of methamphetamine and marijuana, a digital scale, $4,037 in cash, used pipes, small bags containing methamphetamine, and jars containing marijuana. In case No. 20CF00122 (case No. 122), defendant was charged with felony possession of methamphetamine for sale (Health & Saf. Code, § 11378) and felony possession of cannabis for sale (*id.*, § 11359, subd. (b)).

Defendant was later arrested after briefly attempting to flee from officers on his bicycle. In his backpack, officers found a large bag of marijuana, a used pipe, and methamphetamine. In case No. 19CM08204 (case No. 204), defendant was charged with three misdemeanors: resisting arrest (Pen. Code, § 148, subd. (a)(1)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and possession of a smoking device (*id.*, § 11364, subd. (a)).

In September 2020, defendant resolved both cases by pleading no contest to all counts. The trial court found unusual circumstances, suspended imposition of sentence, and granted defendant a two-year term of formal probation, with conditions including 90 days in county jail for case No. 122 and one year of informal probation for case No. 204. The court also imposed a $40 court operations fee for each count (Pen. Code, § 1465.8), a $30 criminal conviction fee for each count (Gov. Code, § 70373), and restitution fines of $300 for case No. 122 and $150 for case No. 204 (Pen. Code, § 1202.4, subd. (b)), with matching, stayed probation revocation restitution fines (*id.*, § 1202.44).

The trial court denied two postconviction motions defendant made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and granted defendant's motion to strike the waiver of appellate rights he agreed to as part of the plea. Defendant timely appealed but was denied a certificate of probable cause.

The case was fully briefed on June 6, 2022, and assigned to this panel shortly thereafter.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Hoch, J.

_____/s/_____
Earl, J.